UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  Case No. 14-20273

v.

  Hon. George Caram Steeh

ELAINE LOVETT,

  Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (ECF NO. 279) WITHOUT PREJUDICE

Defendant Elaine Lovett moves for home confinement or compassionate release from prison due to the risks of contracting COVID-19 at the facility where she is housed.  In 2017, Lovett was convicted of three counts of health care fraud and conspiracy to commit health care fraud.  The court sentenced her to 120 months in prison.  Lovett is serving her sentence at the Atwood Satellite Camp to the Lexington Federal Medical Center.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  A limited exception to this rule is known as "compassionate release."  The court's authority to grant Defendant's request for compassionate release is governed by 18 U.S.C. §

-1-

3582(c)(1)(A), as amended by the First Step Act of 2018. Until recently, only the Bureau of Prisons ("BOP") could move for compassionate release. The First Step Act of 2018 amended the statute, permitting defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). The provision permitting a defendant-initiated motion includes an exhaustion requirement. *Id.* If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting 30 days from when the warden at the facility received the request. 18 U.S.C. § 3582(c)(1)(A).

Lovett has not alleged that she has exhausted her administrative remedies by making a request for compassionate release to the BOP, and the BOP has no record of a request from Lovett. The Sixth Circuit has recently determined that the exhaustion requirement is mandatory and may not be excused by the court. *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (finding the failure to exhaust to be a "glaring roadblock foreclosing compassionate release") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Because Lovett has failed to comply with the exhaustion requirement, the court must deny her motion without prejudice. *Id.* at 836.

-3-

Accordingly, IT IS HEREBY ORDERED that Lovett's motion for compassionate release (ECF No. 279) is DENIED WITHOUT PREJUDICE.

Dated:  July 8, 2020

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 8, 2020, by electronic and/or ordinary mail and also on Elaine Lovett #49530-039, FMC Lexington, Federal Medical Center, Satellite Camp, P.O. Box 14525, Lexington, KY  40512.

s/Brianna Sauve
Deputy Clerk

---