UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ELAINE LOVETT (D-3),

    Defendant.

_____/

Case No. 14-20273-3

Hon. George Caram Steeh

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 283)

Defendant Elaine Lovett seeks compassionate release from prison, relief that the government opposes. For the reasons explained below, the court denies her motion.

After a jury trial, Lovett was convicted of three counts of health care fraud and conspiracy to commit health care fraud. Her advisory sentencing guideline range was calculated to be 210 to 262 months. *See* ECF No. 246 at PageID 5377. After consideration of the section 3553 factors, the court sentenced her to 120 months in prison. Lovett has served approximately 33 months and is housed at the Atwood Satellite Camp to the Lexington Federal Medical Center. She seeks compassionate release due to her age (64) and underlying health conditions, including Type 2 diabetes,

hypertension, and obesity, which place her at a higher risk for severe illness should she contract COVID-19.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that

satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1. Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments. *Id.* In addition, the defendant must "not [be] a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in section 3553(a) support a sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Ruffin*, __ F.3d __, 2020 WL 6268582, at *7 (6th Cir. Oct. 26, 2020). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

Lovett has requested compassionate release from the BOP, which has been denied. Accordingly, she has exhausted her administrative remedies and the court may consider her motion. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

The government does not dispute that Lovett falls into the category of individuals who are at a higher risk of COVID-19 complications, due to her Type 2 diabetes and body mass index. Some courts have found that these

-3-

underlying conditions, coupled with the COVID-19 pandemic and the risk of contracting the illness in prison, constitute extraordinary and compelling reasons supporting compassionate release. *See, e.g., United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons).[1]

Assuming Lovett's health conditions and the COVID-19 pandemic meet the "extraordinary and compelling" standard, however, the court finds that the section 3553(a) factors do not weigh in favor of compassionate release. In imposing a significantly below-guidelines sentence, the court considered her age, health, and lack of criminal history. ECF No. 246 at PageID 5403-5404. These considerations were balanced against the seriousness of the offense, the millions in financial loss to the Medicare program, the need for adequate deterrence, and Lovett's failure to accept responsibility, all of which weighed in favor of a substantial sentence. *Id.* at PageID 5399-5404. Releasing her after she has served less than 30% of her sentence would not reflect the seriousness of her offense, promote

---

[1] The court notes that conditions at Lexington FMC do not appear to be exigent. The BOP reports that there is one active inmate case of COVID-19 and two active staff cases. *See* https://www.bop.gov/coronavirus/ (last accessed November 10, 2020).

respect for the law, afford just and proportionate punishment, or provide sufficient deterrence.

Because the section 3553(a) factors do not weigh in favor of compassionate release, IT IS HEREBY ORDERED that Lovett's motion (ECF No. 283) is DENIED.

Dated:  November 12, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 12, 2020, by electronic and/or ordinary mail and also on Elaine Mitchell Lovett #49530-039, FMC Lexington, Federal Medical Center, Satellite Camp, P.O. Box 14525, Lexington, KY  40512.

s/Brianna Sauve
Deputy Clerk